USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASMINE ROBERTSON, Individually and on Behalf of All Others Similarly Situated,

           Plaintiff,

-against-

BOB MACKIE DESIGN GROUP, LTD.,

           Defendant.

---

23-CV-05112 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff initiated this action almost two years ago, on June 16, 2023. *See* Dkt. No. 1. On October 3, 2023, Judge Furman, the District Judge then-presiding over this action, referred the case to Judge Gorenstein for general pre-trial. Dkt. No. 13. On December 8, 2023, Judge Gorenstein issued a case management scheduling order, which set the close of all discovery for June 6, 2024. Dkt. No. 23.

    The action was reassigned to the undersigned on February 16, 2024. Dkt. No. 24. On May 21, 2024, the Court ordered the parties to file a joint letter on June 6, 2024, regarding any party's intention to file a summary judgment motion, as well as the status of any settlement discussions to date. Dkt. No. 25.

    On June 6, 2024, Plaintiff's counsel filed a letter informing the Court that Plaintiff had passed away before the parties were able to engage in settlement negotiations, and requesting a stay of all proceedings to permit time for the decedent-Plaintiff's successor or representative to move for substitution, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. Dkt. No. 26. On June 10, 2024, the Court granted Plaintiff's counsel's request, stayed all proceedings, and directed counsel to file a status letter regarding the anticipated motion for substitution on September 4, 2024. Dkt. No. 27. Since then, Plaintiff's counsel has filed letter after letter, indicating that they were involved in ongoing efforts to gather the requisite documents and information to file a petition in Bronx County Surrogate's Court, but making little to no substantive progress. *See* Dkt. Nos. 28 (September 4, 2024 letter); 30 (November 4, 2024 letter); 32 (December 18, 2024 letter); 34 (January 22, 2025 letter); 37 (February 26, 2025 letter).

    On February 25, 2025, the Court ordered the parties to appear for a conference to discuss the status of the action and any potential motion for substitution. Dkt. No. 36. The conference was held on April 11, 2025. At the conference, Plaintiff's counsel conceded that, due to matters largely outside of his control, no motion for substitution would be forthcoming in the foreseeable future and that dismissal of this action would be appropriate.

Rule 25(a) provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. <u>If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed</u>." Fed. R. Civ. P. 25(a) (emphasis added).

Accordingly, based on Plaintiff's counsel's admissions at the April 11 conference and because no motion for substitution has been filed to date, this action is hereby DISMISSED and discontinued. The Clerk of Court is directed to CLOSE this case.

Dated: April 15, 2025
   New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge